IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEIL RACKHAM and ROCHELLE RACKHAM, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Case No. 2:20-cv-00027-JNP-JCB <br><br> District Judge Jill N. Parrish |

About five years ago, Plaintiffs Rochelle and Neil Rackham, both federal employees at the time, presented various employment-related claims to this court under the Federal Tort Claims Act. Because they were federal employees raising workplace-related claims, the court directed them to the U.S. Department of Labor so that the Secretary could review their claims under the Federal Employees' Compensation Act. The Secretary did not grant them the relief they were seeking, so they returned to district court. The government has now moved to dismiss their claims for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim. As explained below, the court GRANTS the government's motion as to Mr. Rackham's claims, DENIES without prejudice the motion as to Ms. Rackham's claims, and ORDERS that Ms. Rackham's claims be remanded to the Secretary for clarification on whether jurisdiction of those claims was taken during the administrative review process.

## BACKGROUND

During the time when the events alleged took place, Plaintiffs Rochelle and Neil Rackham, who are married to each other, both worked at the U.S. Department of Veterans Affairs' ("VA's") national call center in Salt Lake City, Utah. They filed suit in this court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., alleging that they were treated unfairly in the workplace and that the unfair treatment caused them various harms, including lost wages, emotional distress, and loss of consortium and enjoyment of life. Because the claims involved work-related injuries of federal employees, Magistrate Judge Bennett determined that a substantial question existed whether the claims were covered by the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 et seq., and accordingly stayed the federal action so that the Rackhams could submit their claims to the Secretary of the Department of Labor for a determination on the Compensation Act (as explained further below, the Secretary of Labor has exclusive jurisdiction over Compensation Act claims). ECF No. 28 (Order Granting Motion to Stay). The Secretary has now issued final decisions on both Plaintiffs' Compensation Act claims.

In his claim to the Secretary, Mr. Rackham alleged that (1) his VA job duties had aggravated his preexisting anxiety and depression; (2) various administrative matters like insufficient training, inadequate work, and inadequate assistance caused him frustration; and (3) management created a hostile work environment, resulting in harassment and intimidation. The Secretary accepted the first theory for coverage but rejected the other two, the second on the ground that Mr. Rackham's miscellaneous complaints were administrative matters and thus not compensable under the Compensation Act, and the third on the ground that the evidence did not show that he experienced harassment or intimidation because of a hostile work environment. ECF No. 52-1 (Mr. Rackham DOL Acceptance Letter); ECF No. 55-1 (Mr. Rackham DOL Statement of Accepted Facts).

For her part, Ms. Rackham alleged that she suffered stress and depression because of workplace harassment, discrimination, and retaliation. The Secretary rejected her claim in its entirety. The Secretary's letter explained that the evidence was insufficient to establish that she had sustained an injury as the Compensation Act defined the term. ECF No. 53-1 (Ms. Rackham Denial Letter), at 1. The letter also noted that she had failed to establish any factors of employment—in other words, that she had failed to show that her alleged injuries occurred in the course of her job duties. *Id.* at 3.

The Rackhams now seek to pursue their Tort Claims Act claims in federal court. At this point in the litigation, the following three claims remain: intentional infliction of emotional distress, negligent supervision, and invasion of privacy. The government has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Secretary in both of their cases took jurisdiction of the claims, thereby depriving this court of jurisdiction. In the alternative, the government moves to dismiss the claims for failure to state a claim under Rule 12(b)(6). In Plaintiffs' view, the Secretary came to the opposite conclusion on the jurisdictional issue, leaving the courthouse door open to them, and the allegations in their complaint if proven would support their claim for relief.

## DISCUSSION

When a defendant moves to dismiss a complaint on several bases, one of which is lack of subject-matter jurisdiction, the "motion for lack of subject matter . . . jurisdiction must be considered by the district court before other challenges" because subject-matter jurisdiction is fundamental and cannot be waived. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The government's argument about subject-matter jurisdiction here turns on the Secretary's

determination as to whether Plaintiffs' claims were covered by the Compensation Act. Some background on the Tort Claims Act and Compensation Act is necessary to understand this issue.

Absent a specific waiver, "sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Tort Claims Act "waives sovereign immunity to allow suits against the United States for damages arising from tortious acts of government employees." *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998). Anyone, whether or not a federal employee, can potentially bring a Tort Claims Act claim. A federal employee wishing to bring a Tort Claims Act claim for workplace-related injuries, though, must also contend with the Compensation Act, which covers claims "for the disability or death of [a federal employee] resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a).

The Compensation Act is the exclusive basis for federal employees to recover for job-related injuries. *Id.* § 8173. It reflects the "compromise . . . commonly found in workers' compensation legislation": "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government" in court, where the potential damages awards are much greater. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). That means that "[i]f the Compensation Act applies to a particular injury, a tort action against the United States regarding those same injuries," such as one under the Tort Claims Act, "is preempted and as such the courts lack jurisdiction to hear the case." *Farley*, 162 F.3d at 615. Under the statute, the Secretary of Labor has the authority to "resolve any disputes regarding the scope of Compensation Act coverage." *Id.* The Secretary's decision about whether the Compensation Act covers the injury alleged "will be

binding on the court, regardless of whether compensation is actually awarded." *Swafford v. United States*, 998 F.2d 837, 841 (10th Cir. 1993) (internal quotation marks omitted).

With that background, the court turns to Mr. Rackham's claims under the Tort Claims Act, keeping in mind that he as the plaintiff "bears the burden of establishing jurisdiction . . . by a preponderance of the evidence." *Aguilar v. Schiff Nutrition Int'l, Inc.*, No. 2:07-cv-00504, 2008 WL 4526051, at *2 (D. Utah Sept. 29, 2008). Recall that the Secretary has already awarded him compensation for his disability—chronic stress, anxiety, and depression. "Because [he] received [Compensation Act] benefits, []he lost h[is] right to sue the government." *Id.* And insofar as he suggests that he presented multiple claims to the Secretary, only one of which was found to be covered by the Compensation Act, he "cannot avoid the exclusive and limited nature of relief under [the Compensation Act] by labelling [his] various damages as an array of different claims to which defendant is subject, some covered by [the Compensation Act] and some not." *Saltsman v. United States*, 104 F.3d 787, 790 (6th Cir. 1997). The court is therefore without jurisdiction to entertain Mr. Rackham's Tort Claims Act claims.

Ms. Rackham's claims present a more difficult question. Although the legal principle that the Secretary gets the last word on whether a plaintiff's claims are covered by the Compensation Act is straightforward, deciphering the Secretary's word in cases where compensation was not awarded is far less so. After all, the Secretary does not declare, "I hereby take (or do not take) jurisdiction of the claims." That leaves the court to "discern[] the meaning and intent of the decision announced by the Secretary." *Tarver v. United States*, 25 F.3d 900, 903 n.4 (10th Cir. 1994). And courts have employed inconsistent reasoning to analyze the Secretary's letters. For example, one court confronted a decision that noted that "the *evidence supports* that the events that [plaintiff] described occurred *within the performance of duty*"; based on that language, that court

5

concluded that the Secretary found the alleged injury to be covered by the Compensation Act. *Spade v. United States*, 531 F. Supp. 3d 901, 905 (M.D. Pa. 2021) (first emphasis added) (internal quotation marks omitted). This reasoning makes sense considering that the statute provides compensation only for injuries "sustained *while in the performance of [the employee's] duty*." 5 U.S.C. § 8102(a) (emphasis added). Yet a different court also concluded that the Secretary had found an alleged injury to be covered even though the Secretary's decision in that case noted that "the *evidence is insufficient* to establish that [the plaintiff] w[as] injured in the performance of duty." *Fuqua v. U.S. Postal Serv.*, 956 F.3d 961, 963 (7th Cir. 2020) (emphasis added) (internal quotation marks omitted). That court reasoned that the statement about the evidence being insufficient to establish performance of duty was a merits decision that necessarily implied that the Secretary exercised jurisdiction. *Id.* at 965.

As this court sees it, the statutory language plainly requires the Secretary to find that the plaintiff was injured in the performance of duty to exercise jurisdiction to decide the Compensation Act claim. *See also Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir. 1984) ("The threshold requirement for determining [Compensation Act] coverage is that the injuries alleged must be sustained while in the performance of . . . duty." (internal quotation marks omitted)). Thus, insofar as the Secretary's decision indicates that jurisdiction could not be taken because the plaintiff was not injured in the performance of his job duties, it should not preclude federal-court jurisdiction over his Tort Claims Act claims for those injuries.

Unfortunately, the denial letter Ms. Rackham received from the Secretary points in both directions. On the one hand, the letter has language suggesting that the Secretary evaluated Ms. Rackham's claims on the merits, which would necessarily mean that the Secretary took jurisdiction of the claims. For example, the Secretary states in the letter, "*[A]fter a thorough review of all the*

*evidence*, your claim for compensation is denied because the medical component of the third basic element, Fact of Injury, has not been met." Ms. Rackham Denial Letter at 2 (emphasis added). The letter continues, "[T]he medical *evidence does not support* that you have a medical condition in connection to the accepted factors of your employment." *Id.* at 4 (emphasis added). These statements suggest that Ms. Rackham's claims are not outside the coverage of the Compensation Act and that they might have been compensable had she supplied more medical evidence. Consider also the following sentence, which appears toward the end of the letter: "[R]eactions to actions taken in an administrative capacity are not compensable *unless it is shown* that the employing establishment erred or acted abusively in its administrative capacity." *Id.* (emphasis added). This statement suggests that claims like Ms. Rackham's—those alleging reactions to administrative actions—may be compensable if the evidence shows that the administrative action was "abusive[]." If this interpretation of the sentence is correct, then it seems that the Secretary determined Ms. Rackham's claims to be within the scope of the Compensation Act but declined to award her compensation because once again her evidence was insufficient on the merits.

On the other hand, the letter contains language suggesting that Ms. Rackham's alleged injuries did not arise in the performance of her job duties at all. For example, it explains that an alleged incident can be "accepted as [a] factor[] of employment" if it was "the result of [the employee's] regular or specially assigned duties, or a requirement imposed on [him] by [his] employer, or a matter incidental to [his] job," and goes on to list "None" under the category "Accepted Event(s) That Are Factors of Employment." *Id.* at 3. The letter then categorizes Ms. Rackham's complained-of conduct such as heightened oversight as "[a]dministrative actions" that "pertain to procedures and requirements of the employer and are *not directly related to the work required of the employee*." *Id.* at 3–4 (emphasis added). (The letter comes to the same conclusion

7

about her other complained-of conduct like retaliation, sexual harassment, and discrimination.) In these sentences, it appears the Secretary has declared that none of Ms. Rackham's allegations arose from her job duties.

Given such an ambiguous letter and the risks either way of an incorrect judgment, the court cannot conclude whether the Secretary found Ms. Rackham's claims to fall within the scope of the Compensation Act. Concluding erroneously that the Secretary did not take jurisdiction could theoretically incentivize plaintiffs in the future to undercut the legislative compromise behind the Compensation Act by deliberately presenting little if any evidence to the Secretary in the hopes that the Secretary will determine the evidence to be insufficient and that a district court will then interpret the Secretary to not have taken jurisdiction of the claims—even if the plaintiff's allegations plainly appear to fall within the coverage of the Compensation Act. On the flip side, concluding erroneously that the Secretary did take jurisdiction would close the courthouse door to a plaintiff who may otherwise have had a viable claim under state law, leaving the plaintiff remediless. So, the court considers it wisest "to allow the Secretary to tell the court whether or not [jurisdiction was accepted]" by remanding Ms. Rackham's claims to the Department of Labor. *Tarver*, 25 F.3d at 904.

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** the government's motion to dismiss as to Mr. Rackham's claims and **DENIES** the motion without prejudice as to Ms. Rackham's claims. The court **ORDERS** that Ms. Rackham's claims be remanded to the Secretary for clarification on whether or not jurisdiction was taken. The government may renew its motion to dismiss if the Secretary clarifies that jurisdiction was not taken and Ms. Rackham returns to court.

Signed June 16, 2025.

                                BY THE COURT

                                _____
                                Jill N. Parrish
                                United States District Court Judge